# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1108** (Brooke County 12-F-59)

**Michael Pustovarh,**
**Defendant Below, Petitioner**

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Michael Pustovarh, by counsel Brent A. Clyburn, appeals the Circuit Court of Brooke County's September 3, 2013, order denying his proposed jury instructions on the defense of diminished capacity and/or voluntary intoxication. The State, by counsel Julie A. Warren, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his proposed jury instructions on the defense of diminished capacity and/or voluntary intoxication.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, petitioner was indicted on one count of malicious assault and one count of domestic battery stemming from an incident of violence he perpetrated against his girlfriend on or about June 8, 2012. Petitioner claimed that he was not guilty on the ground of diminished capacity. During a status conference in July of 2013, petitioner's counsel informed the circuit court that he had not yet retained an expert witness to support a diminished capacity and/or voluntary intoxication defense, despite the circuit court having previously granted a continuance in the trial for the specific purpose of retaining such an expert. Because the deadline for obtaining an expert to support the defense had expired, the circuit court informed petitioner that the defense of diminished capacity, which requires expert testimony, would not be available to him at trial.

Petitioner's jury trial commenced in August of 2013. Following the close of all evidence, the circuit court revisited the defense of voluntary intoxication, and held that it would not adopt petitioner's proposed jury instruction on the defense because the evidence did not support the same. Petitioner was thereafter found guilty of both counts and was sentenced to a term of incarceration of two to ten years for his conviction of malicious assault and one to five years for

1

his conviction of domestic battery, said sentences to run concurrently. It is from the circuit court's "Verdict Order" that petitioner appeals.

In regard to a circuit court's ruling on proposed jury instructions, we have previously held that "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion." Syl. Pt. 2, in part, *State v. Jett*, 220 W.Va. 289, 647 S.E.2d 725 (2007) (quoting Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's proposed jury instruction regarding the defense of diminished capacity and/or voluntary intoxication.[1]

Petitioner's argument on this issue is premised upon an alleged failure to comply with our prior direction on this issue, wherein we stated that

> [a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense.

Syl. Pt. 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994). However, petitioner's argument wholly ignores our prior directive that "'[i]nstructions must be based upon the evidence and an instruction which is not supported by evidence should not be given.' Syl. pt. 4, *State v. Collins*, 154 W.Va. 771, 180 S.E.2d 54 (1971)." Syl. Pt. 14, *State v. Davis*, 232 W.Va. 398, 752 S.E.2d 429 (2013). In this matter, it is clear that petitioner failed to establish an evidentiary basis for an instruction on the defense of diminished capacity and/or voluntary intoxication, and, as such, his proposed instruction did not concern an "important point in the trial."

In discussing diminished capacity, the Court has held that "[t]he diminished capacity defense is available in West Virginia to permit a defendant to introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged." Syl. Pt. 3, *State v. Joseph*, 214 W.Va. 525, 590 S.E.2d 718 (2003). It is undisputed that petitioner presented no expert evidence in support of his claim of diminished capacity, despite the circuit court having granted a continuance prior to trial for the sole purpose of retaining such an expert. As such, it is clear that he failed to establish an evidentiary basis for this defense.

Moreover, in discussing voluntary intoxication as it relates to murder, the Court has stated that "the level of intoxication must be 'such as to render the accused incapable . . . of acting with malice, premeditation or deliberation.'" *State v. Joseph*, 214 W.Va. 525, 531, 590 S.E.2d 718, 724 (2003) (quoting *State v. Keeton*, 166 W.Va. 77, 83, 272 S.E.2d 817, 821 (1980)). Petitioner argues that he satisfied this burden by presenting evidence that he consumed several quarts of a highly alcoholic beverage and, therefore, was incapable of forming the malice necessary to be found

---

[1]Petitioner submitted to the circuit court a single instruction that combined the defenses of diminished capacity and voluntary intoxication.

guilty of malicious assault pursuant to West Virginia Code § 61-2-9(a).[2] The Court, however, disagrees.

While it is true that the circuit court heard evidence about petitioner's level of intoxication, petitioner himself specifically testified that, prior to the altercation, he was upset with the victim because she received a phone call from someone and that caused him to throw the victim's chairs into a fire pit and stab her pool with a knife, which led to the physical altercation. Moreover, petitioner testified that he "was not so drunk that [he] did not know what [he] was doing." In addressing the evidentiary basis for a proposed jury instruction, we have held that

> "[w]hether facts are sufficient to justify the delivery of a particular instruction is reviewed by this Court under an abuse of discretion standard. In criminal cases where a conviction results, the evidence and any reasonable inferences are considered in the light most favorable to the prosecution." Syl. Pt. 12, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 6, *State v. Surbaugh*, 230 W.Va. 212, 737 S.E.2d 240 (2012). Upon our review, the Court finds no abuse of discretion in the circuit court's determination that petitioner failed to establish an evidentiary basis for the jury instruction he proposed. Further, the Court finds no merit in petitioner's argument that the jury should have decided whether he was so intoxicated that he lacked malice, as the above-cited case law clearly establishes that in an instance where a proposed jury instruction lacks an evidentiary basis, it should not be presented to the jury. For the foregoing reasons, we find no abuse of discretion in the circuit court denying petitioner's proposed jury instruction.

For the foregoing reasons, the circuit court's September 3, 2013, order is hereby affirmed.

Affirmed.

---

[2]That Code section states as follows:

> If any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction, shall either be in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II